NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JHAMPIERRE STEVEN GARCIA SOTO,
AKA Sebastian Patino Gonzales,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   17-72395

Agency No. A209-867-807

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2023**
San Francisco, California

Before:  McKEOWN, TALLMAN and LEE, Circuit Judges.

Jhampierre Garcia Soto, a native and citizen of Peru, seeks review of an order

by the Board of Immigration Appeals (BIA) dismissing his appeal from an

Immigration Judge's (IJ) denial of his applications for asylum, withholding of

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C § 1252(a)(1), and we deny the petition.

Garcia Soto attempted to enter the United States by furnishing a fraudulent passport card and misrepresenting himself as a U.S. citizen. The Department of Homeland Security (DHS) initiated removal proceedings, charging him with inadmissibility. Garcia Soto conceded the charge but then filed applications for asylum, withholding of removal, and protection under CAT. The IJ denied all three applications. Garcia Soto appealed the IJ's decision to the BIA, which dismissed his appeal.

1. Asylum: The BIA did not err when it upheld the IJ's denial of asylum. To establish asylum eligibility, an applicant must show that he is unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Evidence of past persecution raises a rebuttable presumption of a well-founded fear of future persecution. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc). And to demonstrate past persecution, the petitioner must establish that "(1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to

control." *Id.* (quotation marks and citation omitted). Whether a particular social group is cognizable is ultimately a legal question, but social distinction is a factual issue reviewed for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).

The BIA did not err by finding that Garcia Soto failed to establish membership in a particular social group. Garcia Soto relies on *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc), in which we held that witnesses who testified in court against gang members in El Salvador may constitute a cognizable particular social group. Because he filed a police report following his attack at the hands of Los Malditos de Bayovar (LMB), Garcia Soto contends that he is a member of an analogous group of witnesses and informants against gang members in Peru. Although *Henriquez-Rivas* instructs that "witnesses who testify against gang members" may be a cognizable social group, the agency reasonably determined that Garcia Soto's actions did not, in fact, make him a member of this group. On the contrary, Garcia Soto merely filed a police report which failed to identify any of his assailants. *See Conde Quevedo*, 947 F.3d at 1243. Garcia Soto fails to adduce any evidence that Peruvian society views individuals who report gang activity to the police as a socially distinct group or affords them special protection under Peruvian law. *See id.* at 1243–44.

Finally, substantial evidence supports the agency's conclusion that Garcia Soto's past harm—and any potential future harm—would not be owed to his being a witness or informant, but rather his refusal to peddle contraband on behalf of LMB. Garcia Soto's only proffered evidence that he would be persecuted on account of his police report is a speculative conclusion that the police informed LMB that he had filed the report against them. Such speculation is insufficient to compel a contrary conclusion.

2. <u>Withholding of removal.</u> The agency did not err in denying Garcia Soto's application for withholding of removal. To warrant withholding of removal, an applicant must establish a "clear probability" that he will experience persecution upon his return. *Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2022). "Withholding's 'clear probability' standard is more stringent than asylum's well-founded-fear standard . . . ." *Id.* (citation omitted). Because Garcia Soto cannot establish eligibility for asylum, he likewise cannot establish eligibility for withholding. *Id.*[1]

---

[1] In a footnote, the BIA appeared to apply the "one central reason" standard in assessing past and future harm. For withholding of removal, however, the protected ground need only be "a reason" for harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Any error is harmless because the BIA determined that Garcia Soto failed to establish any nexus between his harm and his proposed particular social group. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (holding that a finding of no nexus between harm and a protected ground fails to satisfy the asylum standard and the lower withholding standard).

3. <u>CAT.</u> "To establish entitlement to protection under CAT, an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). "The torture must be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'" *Id.* (quoting 8 C.F.R. § 1208.18(a)(1)).

Substantial evidence supports the agency's denial of Garcia Soto's CAT claim on the grounds that he failed to establish that it is likely that he would be tortured in Peru and that the Peruvian government would acquiesce in such conduct. None of the evidence offered by Garcia Soto undermines the agency's conclusion. Although the country-condition report documents generalized corruption among the police, it does not establish collaboration between the police and the LMB. The agency also cited evidence that the Peruvian government has undertaken efforts to combat gangs.

**PETITION DENIED.**